UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOSHUA MICAH CHRISTENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:23-CV-174 |
| | ) | |
| KINGSPORT SESSIONS COURT DIV III, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. The Court previously entered an Order and Report and Recommendation [Doc. 4] in this matter which is hereby **VACATED**.[1] The Court will now address the Motion at issue and conduct the required screening of Plaintiff's Complaint.

I. *IN FORMA PAUPERIS* APPLICATION

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

---

[1] This Amended Order and Report and Recommendation is identical to the Report and Recommendation portion of Document 4 entered January 2, 2024, except that the previous document incorrectly analyzed Plaintiff's Motion to proceed *in forma pauperis* under the standard applicable to prisoners. Because it appears from ECF that Plaintiff is not incarcerated, this document is being entered to clarify the record.

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S. Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Application to Proceed Without Prepayment of Fees [Doc. 1] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.** When a Plaintiff is proceeding *in forma pauperis,* applicable law directs the district court to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319.

## II. FACTUAL ALLEGATIONS

In the instant action, Plaintiff alleges that he has been the victim of malicious prosecution at the hands of a Sullivan County District Attorney and that the Kingsport Sessions Court, Division III and the Sullivan County Public Defender's Office have also violated his rights. [Doc. 2].

Specifically, Plaintiff avers that he was convicted of stalking and vandalism in Kingsport Sessions Court but that the evidence presented against Plaintiff in an affidavit of complaint did not include sufficient facts to convict him of stalking. *Id.* at 2-3.

Plaintiff asserts that to be convicted of stalking, he would have to commit "two (2) or more separate noncontinuous acts evidencing a continuity of purpose." *Id.* at 2. He contends that he did not commit the requisite two acts of stalking. Rather, he claims that the documents in his case falsely made it appear that there were two separate victims of stalking when in fact there was only evidence that he committed an act of stalking against one victim and an act of vandalism, but no stalking, against a second victim. *Id.* at 4. In support, he states that the "Kingsport Session's Court Clerk [has] no documentation of a vandalism in my name or a case number to go with it. However there is a restitution payment of $15 to the alleged victim of the vandalism on the same judgment order as the alleged misdemeanor stalking." *Id.* Plaintiff contends that the assignment of one case number to the alleged acts of vandalism and stalking "has made both alleged victims of two separate cases look like [they were] both involved in the alleged stalking, and that is false." *Id.*

Finally, Plaintiff alleges that his public defender did not know the Tennessee law applicable to misdemeanor stalking because if he had, he could have gotten Plaintiff's case dismissed since Plaintiff alleges that his conduct did not satisfy the statutory requirements for a stalking conviction. *Id.* at 3. Plaintiff now asks the Court to overturn his conviction and enter an award of monetary damages for lost wages and fees. *Id.* at 5.

### III. LEGAL ANALYSIS

#### a. *Leniency afforded to pro se litigants*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d

1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

### b. *Law governing claims alleging violation of civil rights claims*

Plaintiff is suing various divisions of a state government under 42 U.S.C. § 1983, which permits suit against government officials for violations of rights under the Constitution or other laws. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Accordingly, the Court will analyze Plaintiff's allegations in conjunction with the requirements set forth in 42 U.S.C. § 1983. That Section creates a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding*, 241 F.3d at

532. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

### c. Plaintiff's challenge to his state court conviction

In his Complaint, Plaintiff challenges his state conviction and actions taken during his prosecution, claims which are brought in federal court under 42 U.S.C. § 1983. Plaintiff asserts that the district attorney involved in his case committed malicious prosecution and that his public defender failed to adequately represent him. However, a claim under 42 U.S.C. § 1983 is not the appropriate vehicle by which to challenge the validity of a plaintiff's confinement. *Reese v. Gorcyca*, 55 F. App'x 348 (6th Cir. 2003). The Court may not rule on a claim which would render a plaintiff's confinement invalid "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). This is true whether the plaintiff has already been convicted of a crime or is being detained pending trial. *Williams v. Penman*, No. 2:19-CV-12505-TGB, 2020 WL 978353, *3 (E.D. Mich. Feb. 28, 2020) (collecting cases). The rule also applies regardless of the relief sought. *Id.* (citing *Heck*, 512 U.S. at 487-89). In this case, Plaintiff has been convicted of a misdemeanor under Tennessee law and is challenging the validity of his confinement by filing suit against the attorneys involved in his case and the court in which his case was handled. Given the standard outlined above, at this juncture Plaintiff's claims are premature.

### d. Plaintiff's malicious prosecution claim

Plaintiff further contends that he was maliciously prosecuted. To successfully make out a claim for malicious prosecution, Plaintiff would be required to show that (1) a defendant participated in the decision to prosecute him, (2) the prosecution lacked probable cause, (3) he

suffered a deprivation of liberty as a consequence of the prosecution, and (4) that the criminal proceeding resolved in his favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010). Given that plaintiff's criminal proceeding has not been resolved in his favor at this juncture, he cannot meet the fourth requirement for successfully asserting a malicious prosecution claim; thus, his malicious prosecution claim must fail.

### e. *Defendants' immunities from suit*

The Court further observes that Plaintiff has not named proper parties as defendants in this action. First, public defenders are not considered state actors for purposes of § 1983 and thus may not be sued under that section. *Thomas v. Pugh*, 9 F. App'x 370, 373 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 321, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Second, the District Attorney's Office and Kingsport Sessions Court are immune from suit under the Eleventh Amendment as arms of the State of Tennessee. *Thompson v. Tennessee Dist. Att'y Gen.'s Off.*, No. 3:18-CV-00502, 2018 WL 6181357, at *3 (M.D. Tenn. Nov. 27, 2018) (finding that a suit against a district attorney's office is the same as a suit against the state); *Howard v. Commonwealth of Virginia*, 8 F. App'x 318, 319 (6th Cir. 2001) (finding that a state court is entitled to Eleventh Amendment immunity as an arm of the state). A plaintiff can only sue a state agency in federal court if the state has waived its Eleventh Amendment immunity or Congress has overridden it. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). "Tennessee has not waived its sovereign immunity and § 1983 does not override sovereign immunity." *Holmes v. Tennesse*, No. 14-5327, 2015 WL 13927114, *1 (6th Cir. June 1, 2015) (citing Tenn. Code § 20-13-102(a)). Accordingly, the Court must recommend dismissal of Plaintiff's claims against all three defendants.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] be **DISMISSED with prejudice**; however, it is **FURTHER RECOMMENDED** that the order of dismissal make clear that the dismissal would not serve as a bar to a subsequent malicious prosecution claim against the proper defendants should Plaintiff's conviction later be overturned.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).