UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JOSHUA MICAH CHRISTENSEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KINGSPORT SESSIONS COURT DIV III, )<br>et al., )<br>)<br>Defendants. ) | 2:23-CV-174 |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to Appeal In Forma Pauperis [Doc. 10] requesting to appeal to the Sixth Circuit Court of Appeals without the payment of the appellate filing fee. This matter is before the Court pursuant to 28 U.S.C. §636.

"The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004); *see also Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). All applications to proceed in forma pauperis must follow the procedures set out in Federal Rule of Appellate Procedure 24(a)(1), which states that a party who desires to appeal in forma pauperis must file a motion in the district court, and attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;[1]
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

---

[1] Here, while Plaintiff did not submit Form 4, he has provided substantially the same financial information called for under the form and that information was sufficient to determine that Plaintiff would financially qualify as a pauper. As such, the Court does not find it necessary to require him to provide any additional financial documentation.

Fed. R. App. P. 24 (a)(1). *See also* 28 U.S.C. § 1915(a) (1); *Scott v. Patrick,* No. 1:06-cv-568, 2007 WL 426519, at *1 (W.D. Mich. Feb. 2, 2007) (observing that "Section 1915(a)(1) requires an affidavit by [the appealing party] identifying the 'nature' of his appeal, including some specificity identifying the basis of the appeal, supporting his belief that he is a person 'entitled to redress.'").[2]

Plaintiff filed a pro se Complaint and an accompanying Motion to Proceed In Forma Pauperis on December 18, 2023. [Docs. 1, 2]. The Court granted Plaintiff's Motion and then undertook the screening process required when litigants are granted permission to file without prepayment of fees. On January 2, 2024, the undersigned issued a Report and Recommendation ("R&R") to the District Court recommending dismissal of Plaintiff's Complaint. [Doc. 5]. Plaintiff did not object to the R&R, and the District Court then adopted it and dismissed Plaintiff's Complaint on January 29, 2024. [Docs. 6, 7]. On February 13, 2024, Plaintiff filed a Notice of Appeal. [Doc. 8]. Then, on February 16, 2024, Plaintiff filed a Motion for Leave to Appeal In Forma Pauperis, which includes only information as to Plaintiff's financial status, omitting required information regarding the issues he intends to present on appeal or why he is entitled to redress. [Doc. 10].

When considering a party's request to proceed in forma pauperis on appeal the Court is required to analyze the issues the party intends to present to determine if they are presented in good faith pursuant to Rule 24(a)(1). "An appeal is not taken in good faith if it is frivolous, i.e., it lacks an arguable basis in law or fact." *Asamoah v. Sygma Network, Inc.*, No. 21-3286, 2021 U.S. App. LEXIS 29445 (6th Cir. Sep. 29, 2021) (citing *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962)). Plaintiff must provide a list of the issues he intends to appeal along with a

---

[2] Forms and the accompanying affidavit to use when asking to proceed in forma pauperis in the Sixth Circuit Court of Appeals may be found at https://www.ca6.uscourts.gov/sites/ca6/files/documents/forms/IfpForm4.pdf.

short statement explaining why he thinks the Court ruled improperly as to those issues to permit the Court to conduct the required good faith analysis. However, Plaintiff has not done so here.

Further, even if Plaintiff had outlined the issues he intends to raise on appeal, he has likely forfeited his right to raise any issues on appeal because he did not object to the undersigned's R&R, although in rare instances even issues which have been forfeited may be entertained by the appellate courts. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (explaining that when a litigant does "not raise [an] argument in his objections to the magistrate's report and recommendation ... [he] has [forfeited] his right to raise this issue on appeal") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (internal citations omitted). Moreover, as addressed in the R&R, Plaintiff has sued Defendants Kingsport Sessions Court Div III, Assistant District Attorney, and Sullivan County Public Defender's Office who are all immune from suit. Based on their immunities, the undersigned recommended dismissal of Plaintiff's claims against the defendants with prejudice and further noted that Plaintiff's only potentially viable claim, for malicious prosecution, was not yet ripe. As such, the District Court dismissed Plaintiff's Complaint with prejudice and clearly stated that the dismissal would not serve as a bar to a subsequent malicious prosecution claim, making it clear that Plaintiff would be permitted to refile a claim against the proper defendants if his claim later became ripe.

Because Plaintiff has failed to follow the required procedure in moving to appeal in forma pauperis, failed to object to the Report and Recommendation issued by the undersigned which was in turn adopted by the District Court, and, as to his claims that are ripe, has sued only defendants who are immune from suit, this Court recommends to the District Court that it find under Fed. R. App. P. 24(3)(A) and pursuant to these grounds that an appeal in this matter would not be taken in

good faith. The Court would then further **RECOMMEND** that Plaintiff's Motion for Leave to Appeal In Forma Pauperis [Doc. 10] be **DENIED**.[3]

                          Respectfully submitted,

                          /s/Cynthia Richardson Wyrick
                          United States Magistrate Judge

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).